**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE STATE OF COLORADO**

Civil Action No.

**MANUAL SANTISTEVAN**,

      Plaintiff,

vs.

**WILLIAM SALLEE** and
**FRED WEGENER, SHERIFF OF PARK COUNTY, COLORADO**

      Defendants.

---

**ANSWER AND JURY DEMAND**

---

Defendants, William Sallee and Fred Wegener, by and through his attorney, Anthony Melonakis of the law firm of SUTTON, MELONAKIS & GULLEY, P.A., for their answer as their answer to plaintiff's complaint and jury demand, submit the following:

**RESPONSE TO ALLEGATIONS**

1.    Defendants admit the allegations in paragraph 1 of plaintiff's complaint.

2.    With regard to the allegations in paragraph 2 of plaintiff's complaint, defendants admit that defendant Sallee was operating a motor vehicle on April 7, 2005 on Colorado Highway 285 near Foxton in

Jefferson County.  Defendants further admit that defendant Sallee was acting in the scope and course of his employment with the Park County Sheriff's Office, and that the vehicle he was operating struck another vehicle.  Defendants deny the remaining allegations in said paragraph 2 of plaintiff's complaint.

3.    Defendants deny the allegations in paragraphs 3 – 6, 8 - 9, and 12-15 of plaintiff's complaint.

4.    With regard to paragraphs 7 and 11 of plaintiff's complaint, defendants hereby incorporate their responses by reference to the allegations incorporated in said paragraphs.

5.    Defendants deny each and every other allegation in plaintiff's amended complaint not expressly admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's amended complaint fails to state a claim for relief against one or more of the defendants.

### SECOND AFFIRMATIVE DEFENSE

Defendant Sallee was faced with a sudden emergency through no fault of his own.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any he has.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and damages, if any he has, are subject to the requirements and limitations set forth in the Colorado Governmental Immunity Act, C.R.S. 24-10-101, *et seq.*

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were caused by a third person over whom this defendant did not have any control.

## SIXTH AFFIRMATIVE DEFENSE

The alleged injuries and damages of plaintiff, if any, existed before the occurrence complained of and recovery therefore shall be precluded or diminished as required by law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the collateral source rule of C.R.S. § 13-21-111.6.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity.

## NINTH AFFIMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.*

WHEREFORE, defendants having fully answered plaintiff's complaint, pray for judgment in favor of defendants and against plaintiff on plaintiff's

complaint and against plaintiff for costs, attorney fees, expert witness fees, and

whatever further relief this Court deems just and proper in the premises.

**DEFENDANTS DEMAND THAT ALL ISSUES OF FACT HEREIN BE TRIED TO A JURY OF SIX (6) PERSONS**

Dated this 14th day of April 2006 in Littleton, Colorado.

Respectfully submitted,

*s/ Anthony Melonakis*

_____

Anthony Melonakis
SUTTON, MELONAKIS & GULLEY, P.A.
26 West Dry Creek Circle - Suite 375
Littleton, CO 80120
(303) 730-0210

Attorney for defendants

## CERTIFICATE OF MAILING

I hereby certify that on this 14th day of April 2006, a true and correct copy of the foregoing **ANSWER AND JURY DEMAND** was placed in the U.S. Mail, postage prepaid, and addressed to the following:

Philip R. Cockerille, Esq.
Philip R. Cockerille, P.C.
2058 Gaylord Street
Denver, CO  80205

*s/ Anthony Melonakis*

_____