**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE STATE OF COLORADO**

Civil Action No.

**MANUAL SANTISTEVAN**,

    Plaintiff,

vs.

**WILLIAM SALLEE** and
**FRED WEGENER, SHERIFF OF PARK COUNTY, COLORADO**

    Defendants.

---

**COMBINED MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF
AND MEMORANDUM IN SUPPORT THEREOF**

---

Defendants, William Sallee and Fred Wegener, by and through their attorney, Anthony Melonakis of the law firm of SUTTON, MELONAKIS & GULLEY, P.A., pursuant to FED. R. CIV. P. 12(b)(6), requests that this Honorable Court dismiss plaintiff's third claim for relief for failure to state a cognizable claim.

## STATEMENT OF THE CASE

Plaintiff filed this action for injuries he allegedly sustained in an automobile accident that occurred on April 7, 2005. In his complaint, plaintiff alleges that defendant Sallee, "driving in the course and scope of his employment with the Park County Sheriff's office, while transporting plaintiff negligently and in violation of traffic laws drove a motor vehicle into the rear of a second vehicle" causing

injuries to plaintiff. COMPLAINT ¶ 2. Plaintiff asserts a claim against defendant Wegener, the Park County Sheriff under the doctrine of *respondeat superior*.

In addition to asserting defendants are liable for negligently causing the accident, contends that defendants "also negligently failed to properly seatbelt plaintiff into the van," *Id.* at ¶ 4; and "negligently failed to properly provide necessary treatment while plaintiff was in their custody." *Id.* at ¶ 5.

Plaintiff in his third claim for relief attempts to assert a claim for violation of his constitutional rights under 42 U.S.C. § 1983. Incorporating the foregoing allegations, plaintiff alleges he had "constitutional rights to be transported and to be provided with treatment due to the negligence of defendants." *Id.* at ¶ 13. Plaintiff, however, has failed to identify the "constitutional rights" he claims are implicated in this action.

Defendants submit that plaintiff has failed to state a claim under § 1983. State tort claims do not rise to the level of Constitutional deprivations for which redress is available under § 1983. As a result, defendants request that the third claim for relief be dismissed, and that they be awarded reasonable attorney fees under rule 11 and § 1988 for having to defend plaintiff's frivolous civil rights claim.

## AUTHORITY AND ANALYSIS

A. <u>Section 1983 is not intended to remedy violations of duties of care arising out of tort law.  Accordingly, plaintiff's third claim for relief predicated on the alleged negligence of defendants is not actionable.</u>

Section 1983 authorizes the courts to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws," that occur under color of state law.  Section 1983, therefore, is limited to deprivations of Constitutional rights and federal statutory and regulatory rights.  It does not cover conduct that violates only state law.[1]  Therefore, it is well-established that simple negligence cannot form the basis of a § 1983 claim.

In *Baker v. McCollan*,[2] the Supreme Court was faced with the issue of whether a claim for "simple negligence" gives rise to an action under § 1983.  In *Baker*, plaintiff alleged that the defendant "negligently failed to establish certain identification procedures which would have revealed that respondent [plaintiff] was not the man wanted in connection with the drug charges on which he was arrested."[3]

---

[1] *Baker v. McCollan,* 443 U.S. 137 (1979); *Paul v. Davis*, 424 U.S. 693 (1976).

[2] 443 U.S. 137 (1979)

[3] *Id.* at 139.

The Court held that plaintiff failed to identify a "right, privilege or immunity secured by the Constitution and laws" for purposes of stating a § 1983. In so doing the court held as follows:

> The Court of Appeals closed its opinion with the following summary of its holding:
>
> "We are saying that the sheriff or arresting officer has a duty to exercise due diligence in making sure that the person arrested and detained is actually the person sought under the warrant and not merely someone of the same or a similar name. *See* Restatement (2d) Torts § 125, comment (d) (1965)." 575 F.2d. at 513.
>
> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles. Just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.[4]

Later in *Parratt v. Taylor*,[5] the Court again rejected the notion that simple negligence can serve as a basis of a § 1983 claim where state law affords an adequate remedy. The *Parratt* court, in fact, specifically identifies civil rights cases stemming from car crashes as paradigms of the absurdity that could result from allowing simple negligence claims to be actionable under § 1983:

> [A]ny party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983. Such reasoning "would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever

---

[4] *Id.* at 146.

[5] 451 U.S. 527 (1981).

4

systems may already be administered by the States." *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). We do not think that the drafters of the Fourteenth Amendment intended the Amendment to play such a role in our society.[6]

In *Paul v. Davis*,[7] the Court likewise recognized the far reaching and unintended consequences of permitting state tort claims to be brought as civil rights claims merely because the tort was committed by a public official:

> If respondent's view is to prevail, a person arrested by law enforcement officers who announce that they believe such person to be responsible for a particular crime in order to calm the fears of an aroused populace, presumably obtains a claim against such officers under § 1983. And since it is surely far more clear from the language of the Fourteenth Amendment that "life" is protected against state deprivation than it is that reputation is protected against state injury, it would be difficult to see why the survivors of an innocent bystander mistakenly shot by a policeman or negligently killed by a sheriff driving a government vehicle, would not have claims equally cognizable under 1983.
>
> It is hard to perceive any logical stopping place to such a line of reasoning. Respondent's construction would seem almost necessarily to result in every legally cognizable injury which may have been inflicted by a state official acting under "color of law" establishing a violation of the Fourteenth Amendment. We think it would come as a great surprise to those who drafted and shepherded the adoption of that Amendment to learn that it worked such a result, and a study of our decisions convinces us they do not support the construction urged by respondent.[8]

---

[6] *Id.* at 544.

[7] 424 U.S. 693 (1976).

[8] *Id.* at 698-699.

By the time the United States Supreme Court decided *Daniels v. Williams*,[9] it had been made abundantly clear that a negligence does not raise to the level of a Constitutional deprivation redressable under § 1983. In *Daniels*, an inmate filed a civil rights action against a deputy sheriff for injuries he allegedly sustained when he slipped and fell on a pillow the deputy left on stairs at the jailhouse. The Court held that "the Due Process Clause is not simply implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."[10]

The Court reasoned that "lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process law."[11] "Our Constitution," the Court continued, "deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society."[12]

---

[9] 474 U.S. 327 (1986).

[10] *Id.* at 328 (Emphasis in original).

[11] *Id.* at 332.

[12] *Id.*

6

For the reasons stated in the foregoing opinions, the United States Supreme Court repeatedly has recognized that negligence claims are not actionable under § 1983.[13]

In *Apodaca v. Rio Arriba County Sheriff's Dep't.*,[14] the Tenth Circuit affirmed the dismissal of an action seeking damages for an automobile accident allegedly caused by the negligence of a deputy sheriff. The court held that "negligent operation of a vehicle by a police officer does not rise to the level of a constitutional violation. The Supreme Court has drawn a distinction between constitutional violations and torts which happen to be committed by public officials."[15]

It is well-established that liability under the doctrine of *respondeat superior* is not recognized in § 1983.[16] Furthermore, there can be no liability under *Monell v. Dep't. of Social Services*[17] for a custom, practice or procedure without an underlying constitutional violation by a sheriff's employee.[18]

---

[13] See, e.g., *Estelle v. Gamble*, 429 U.S. 97 (1976)(claim for negligent medical treatment is not actionable under § 1983); *Collins v. City of Harker Heights,* 503 U.S. 115 (1992)(claim for negligent training not actionable under § 1983).

[14] 905 F.2d 1445 (10th Cir. 1990).

[15] *Id*. at 1446-1447. (citing *Paul, Parratt and Daniels*, as well as other decisions from the Tenth Circuit and elsewhere).

[16] *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 692 (1978).

[17] *Id.*

[18] *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Plaintiff's § 1983 claim is predicated on various alleged acts of negligence. Plaintiff has not identified any deprivation of a Constitutional right or federal law. As a result it is clearly barred by unambiguous case law.

    B.    <u>Because plaintiff's § 1983 claim is barred by unambiguous case law, it would be appropriate to award defendant its attorney fees under 42 U.S.C. § 1988 and FED. R. CIV. P. 11.</u>

Section 1988(b), 42 U.S.C., provides in its pertinent part that "[i]n any action or proceeding to enforce the provision of [42 U.S.C. § 1983] . . . the court in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  In applying § 1988 to prevailing defendants, the Supreme Court in *Hughes v. Rowe*,[19] essentially assimilated the same standards to successful defendants that it announced in the context of Title VII actions in *Christiansburg Garment Co. v. EEOC*.[20]

Under the *Christiansburg-Hughes* standard, a successful defendant, may recover fees under § 1988 if "the plaintiff's action was frivolous, unreasonable, or without foundation."[21]  However, it is not necessary that the prevailing defendant establish that the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees.  Rather, the relevant standard is objective.[22]

---

[19] 449 U.S. 5 (1980).

[20] 434 U.S. 412 (1978).

[21] *Christiansburg,* 434 U.S. at 416-17, 421, Hughes, 449 U.S. at 14.

[22] *See Hughes*, 449 U.S. at 14.

In applying an objective standard, attorney fees are appropriate when plaintiff's § 1983 claim is "clearly barred by unambiguous case law."[23]  In *Crabtree v. Muchmore*,[24] plaintiff filed an action against Judge Cook, a state court judge in his judicial capacity, and the attorneys involved in a state court action to determine ownership of trust property.  Plaintiffs alleged that Judge Cook somehow acted without personal jurisdiction over the Crabtree children.  Plaintiffs further alleged that the judge and attorneys conspired to deny them their constitutional rights.

The trial court dismissed the claims and awarded Judge Cook attorney fees under FED. R. CIV. P. 11[25] and § 1988.  In affirming the district court's award of attorney fees, the Tenth Circuit held:

> [N]o attorney, charged with the responsibility of reading the Supreme Court's decision in *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), and our opinion in *Van Sickle v. Holloway,* 791 F.2d 1431 (10th Cir.1986), could believe that absolute judicial immunity would not bar the action against Judge Cook. Therefore, the district court properly dismissed the action against the state court judge and did not abuse its discretion in imposing sanctions and assessing attorney's fees.[26]

---

[23] 2 SCHARTZ & KIRKLIN, SECTION 1983 LITIGATION, STATUTORY ATTORNEY'S FEES (3d Ed. 1997); *Crabtree v. Muchmore*, 904 F.2d 1475, 1477 (10th Cir. 1990); *Shaw v. Neece,* 727 F.2d 947, 949-950 (10th Cir. 1984).

[24] 904 F.2d 1475 (10th Cir. 1990)

[25] Although plaintiff filed this action in state court, C.R.C.P. 11 is modeled after FED. R. CIV. P. 11.  *Schmidt Const. Co. v. Becker-Johnson Corp.*, 817 P.2d 625, 628 (Colo.App. 1991).

[26] *Id.* at 1477.

9

The trial court, however, did not award the attorney defendants their fees. The Tenth Circuit held that district court "abused its discretion in not awarding attorney fees to the attorney defendants," and directed on remand that, "the court should determine the proper amount of such fees, and where the fault lies as between the attorney and plaintiffs."[27] In so doing the *Crabtree* court recognized that the trial court

> must look to the merits to the extent of determining whether the action was "frivolous, unreasonable, or without foundation." *Christiansburg,* 434 U.S. at 421, 98 S.Ct. at 700. (footnote omitted). In the instant context, we think that is the same inquiry that it should make with respect to imposing upon counsel FED.R.CIV.P. 11 sanctions.[28]

Thus, the focus under rule 11, as it is under § 1988, is on an "objective reasonableness standard."[29]

Here plaintiff has not identified the provisions of the Constitution he contends were violated as a result of the subject automobile accident, an essential element to a 1983 action. Instead, he merely alleged that defendant "negligently" caused an accident, "negligently" failed to properly seatbelt plaintiff, and "negligently" failed to properly provide necessary treatment. Defendant submits that as in *Crabtree,* no reasonable attorney charged with reviewing the controlling United Supreme Court and Tenth Circuit opinions before filing an

---

[27] *Id.* at 1479.

[28] *Id.* at 1478.

[29] *Id.*

action, would believe that a public employee could be liable under § 1983 for negligence. The Supreme Court has consistently recognized now for over three decades that § 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."

WHEREFORE, defendant requests that plaintiff's third claim for relief be dismissed; and that defendant be awarded attorney fees under 42 U.S.C. § 1988 and/or FED. R. CIV. P. 11, as to be determined by the court; and for such further relief the court deems just in the premises.

Dated this 14th day of April 2006 in Littleton, Colorado.

Respectfully submitted,

*s/ Anthony Melonakis*

_____
Anthony Melonakis
26 West Dry Creek Circle - Suite 375
Littleton, CO 80120
(303) 730-0210

Attorney for defendants

### CERTIFICATE OF MAILING

I hereby certify that on this 14th day of April 2006, a true and correct copy of the foregoing **COMBINED MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF AND MEMORANDUM IN SUPPORT THEREOF** was placed in the U.S. Mail, postage prepaid, and addressed to the following:

Philip R. Cockerille, Esq.
Philip R. Cockerille, P.C.
2058 Gaylord Street
Denver, CO  80205

*s/ Anthony Melonakis*

_____