IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action no. 06-CV-00709-EWN-PAC

MANUEL SANTISTEVAN,

Plaintiff,

v.

WILLIAM SALLEE and
FRED WEGENER, SHERIFF OF PARK COUNTY, COLORADO

Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS THIRD CLAIM FOR RELIEF

PLAINTIFF by his attorney responds as follows to Defendants' motion to dismiss third claim for relief:

Defendants' motion states that it is filed under Fed.R.Civ.P. 12(b)(6). However, Defendants already have answered all of the allegations of the complaint. A motion under Rule 12(b)(6) must be

made before the responsive pleading.  Therefore Defendants' motion should be denied without further consideration.[1]

Should the Court wish to treat Defendants' motion as filed under Rule 12(c),  the Court is required to accept all material allegations of the complaint as true and construed in the light most favorable to Plaintiff.  A motion under Rule 12(c) has the absolute highest standard of proof:  A court should dismiss under this Rule only if "it appears *<u>beyond doubt</u>* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[2]  The standard is not preponderance, or clear and convincing, or even beyond reasonable doubt, but beyond doubt.

In this case, the complaint states that Defendants had Plaintiff in custody and transported him unsafely and failed to provide adequate treatment after the injuries caused by the deputy. Paragraphs 12-15 add with regard to the Section 1983 claim that the actions or omissions were carried out under color of state law, custom or usage, executed under a policy or persistent practice, shock the conscience, are fundamentally

---

[1] *Lowe v. Town of Fairland, OK,*  143 F.3d 1378 (No. 97-5028)(10th Cir. 1998).

[2] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(emphasis added); *Ward v. State of Utah*, 321 F.3d 1263 (No. 02-4036)(10th Cir. 2003).

unfair, and "The actions or omissions of defendants and their agents were reckless and callously indifferent to the plaintiff's rights."

Fed.R.Civ.P. 8 states that a complaint "shall contain… a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint clearly satisfies this requirement.

Defendants' motion mischaracterizes the third claim by attempting to limit Plaintiff's claims to negligence only.  The complaint does not state, "Defendants violated section 1983 by having an auto accident and nothing more."

Clearly, Plaintiff's third claim alleges violations of specific and clearly established constitutional rights while in custody, including the right to life, to be transported safely and seatbelted, and to be provided with medical treatment for injuries.  Defendants' statement that Plaintiff's claims are for negligence only, and that no reasonable attorney could have filed this complaint based on negligence only, are not only meritless but a bad faith attempt to smear the plaintiff's attorney and ignore what is plainly in the complaint.

While in custody, an individual's civil rights, including the right to adequate medical care, are in the hands of his custodians. This principle has been recognized since at least 1976[3], but most famously in the 1989 *DeShaney*[4] case:

> When the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being….When the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs…it transgresses the substantive limits on state action set by the Due Process Clause.[5]

---

[3] Estelle v. Gamble, 429 U.S. 97 (1976)(Deliberate indifference to the need for medical care constitutes cruel and unusual punishment contravening the 8th Amendment, but 17 treatments with medical personnel in 3 months may be enough.)
[4] DeShaney v. Winnebago County Dept. Social Services, 489 U.S. 189 (1989).
[5] 489 U.S. at 199-200.

Not only did Defendants disregard Plaintiff's right to be transported safely while in Defendants' custody, but after taking Plaintiff back to jail the Defendants recklessly and callously ignored Plaintiff's right to treatment. Again, these factual allegations of the complaint must be accepted as true for the purposes of this motion.

Defendant does not cite any cases relating to the constitutional rights implicated by the complaint. *Baker v. McCollan* concerns identification procedures. Defendant mischaracterizes Plaintiff's Section 1983 claim as similar to a claim of an inmate slipping on a pillow, or negligent operation of a motor vehicle. The *Monell*[6] concepts of municipal liability and respondeat superior liability likewise have no relevance to this case.

Defendants request attorney fees under Rule 11 and Section 1988. Rather, it is Plaintiff who should be awarded attorney fees for having to respond to this motion. Defendants do not appear to have read the complaint, or at least attempt to deny what is plainly in the complaint. Defendants attack Plaintiff's attorney without cause in a brazen attempt

---

[6] *Monell v. Dep't. of Social Services,* 436 U.S. 658, 692 (1978).

to gain advantage. Defendants cite numerous unrelated cases but do not even discuss the essential cases of *Estelle* and *DeShaney*, and failure to properly advise the Court is fraud on the Court. This type of practice should be condemned by the Court.

Defendants' motion should be denied and sanctioned.

                                PHILIP R. COCKERILLE, P.C.

                                S/Philip R. Cockerille

                                _____
                                By Philip R. Cockerille #7610
                                2058 Gaylord St.
                                Denver, CO  80205
                                303-321-6413
                                Fax 303-321-5644
                                Email:  prcpclaw@qwest.net
                                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that I have served by EMS this 22 day of April, 2006 a copy of this response to:

Anthony Melonakis
Sutton, Melonakis & Gulley, PA
26 W. Dry Creek Cir. #375
Littleton, CO  80120

                                s/Patricia M. Cockerille

_____