IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE STATE OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06-cv-00709-EWN-PAC

**MANUAL SANTISTEVAN**,

    Plaintiff,

vs.

**WILLIAM SALLEE** and
**FRED WEGENER, SHERIFF OF PARK COUNTY, COLORADO**

    Defendants.

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF**

---

Defendants, William Sallee and Fred Wegener, by and through their attorney, Anthony Melonakis of the LAW FIRM OF ANTHONY MELONAKIS, as their reply in support of their motion to dismiss plaintiff's third claim for relief submit the following:

## AUTHORITY AND ANALYSIS

A.    <u>Defendants' partial motion to dismiss was not untimely</u>.

Plaintiff, citing *Lowe v. Town of Fairland, OK*,[1] initially argues that defendants' motion to dismiss plaintiff's § 1983 claim was untimely because defendants filed an answer.  Defendants disagree.

---

[1] 143 F.3d 1389 (10th Cir. 1998).

A defendant may file a FED.R.CIV.P. 12(b)(6) motion simultaneously with filing an answer. When a "***defendant file[s] a Rule 12(b) motion simultaneously with the answer, the district court will view the motion as having preceded the answer and thus as having been interposed in a timely fashion.***"[2]

In filing their partial motion to dismiss, defendants contend that plaintiff fails to state a federal claim under § 1983. Because the motion only addresses one of plaintiff's claims, defendants filed an answer as to the remaining state claims.

Filing an answer under these circumstances is not only authorized, it is necessary. None of the Courts in this District stay proceedings pending determination of motions to dismiss. In fact, this Court issued a General Case Management Order referring this matter to Magistrate Judge Coan to convene a scheduling conference and enter a scheduling order. The parties were further ordered to file dispositive motions by December 14, 2006.[3] This deadline controls when the parties must complete discovery and make their disclosures. Defendants submit that it was appropriate to file an answer at the same time they

---

[2] 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1361, n. 6 (Civ. 3d 2004)(Emphasis added), and cases cited therein.

[3] GENERAL CASE MANAGEMENT ORDER AND ORDER OF REFERENCE TO UNITED STATES MAGISTRATE JUDGE (*Doc. No. 6*).

filed their partial motion to dismiss to frame the issues for disclosures and discovery.

*Lowe v. Town of Fairland, OK*[4] does not support the proposition that, by filing their partial motion to dismiss under rule 12(b)(6) and answer simultaneously, defendants waived their rights under rule 12(b)(6). The court did not consider the issue. Instead, the court recognized in passing that, "[b]ecause Defendants' filed their [rule 12(b)(6)] motion **after** they filed their answer, their motion may be treated as one for judgment on the pleadings."[5] Even assuming defendants' partial motion to dismiss could be deemed to be filed after the answer, it should still be considered under rule 12(c).[6] Accordingly, plaintiff's reliance upon *Lowe* to support his position that "Defendants' motion should be denied without further consideration,"[7] is without merit.

---

[4] 143 F.3d 1378 (10th Cir. 1998).

[5] 143 F.3d at 1381, n. 5 (Emphasis added).

[6] "An unlabeled or mislabeled (Rule 12(b)(6)) motion to dismiss submitted after an answer is filed will be treated as a Rule 12(c) motion." BAICKER-MCKEE, JASSEN & CORR, FEDERAL CIVIL RULES HANDBOOK, Rule 12(c), p. 363 n. 252 (2006)(citing *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 n.4 (10th Cir. 2003)).

[7] PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THIRD CLAIM FOR RELIEF, p. 2.

B. <u>Plaintiff's complaint, at best, states nothing more than a simple negligence action.</u>

1.

Notwithstanding plaintiff's arguments to the contrary, his § 1983 claim alleges nothing more than a state tort claim. In his third claim for relief, plaintiff incorporates the following allegations of his complaint:[8]

> 2. On or about April 7, 2005, on Colorado Highway 285 near Foxton Road, Jefferson County, Colorado, defendant Sallee, driving in the course and authority of his employment with the Park County Sheriff's office while transporting plaintiff, ***negligently and in violation of traffic laws drove a motor vehicle*** into the rear of a second vehicle, proximately causing injuries to plaintiff's neck, back, and other injuries.
>
> 3. Defendant Wegener is liable as respondeat superior.
>
> 4. ***Defendants also negligently failed to properly seatbelt plaintiff in the van***.
>
> 5. ***Defendants also negligently failed to properly provide necessary treatment while plaintiff was in their custody***.[9]

Accepting these factual allegations as true, plaintiff has alleged nothing more than a negligence action. As discussed more fully in defendant's motion to

---

[8] COMPLAINT ¶ 11.

[9] *Id.* (Emphasis added).

4

dismiss, [10] simple negligence cannot form the basis of a § 1983 claim.  The fact that plaintiff was in custody does not alter application of this principle.[11]

Plaintiff's reliance upon *Estelle v. Gamble*[12] and *DeShaney v. Winnebago County Dept. of Social Services*[13] is misplaced.  Both opinions support ***defendants'*** position.

In *Estelle v. Gamble*, an inmate of the Texas Department of Corrections was injured while performing a prison work assignment.  He initiated a *pro se* civil rights action under § 1983 complaining of the treatment he received after the injury.  Named as defendants were the director of the department of corrections, the warden, medical director and chief medical officer of the prison.[14]

The Supreme Court recognized that "an inadvertent failure to provide adequate medical care" is insufficient to support a § 1983 claim.  As a result, negligent failure to provide medical treatment is not actionable.[15]  To "state a cognizable claim," the Court continued, "***a prisoner must allege acts or***

---

[10] DEFENDANT'S COMBINED MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF AND MEMORANDUM IN SUPPORT THEREOF ("DEFENDANT'S MOTION TO DISMISS"), pp. 3 – 8

[11] See *Daniels v. Williams*, 474 U.S. 327 (1986)(discussed in DEFENDANT'S MOTION TO DISMISS, p. 6); *Estelle v. Gamble*, 429 U.S. 97 (1976).

[12] 429 U.S. 97 (1976)

[13] 489 U.S. 189 (1989).

[14] 429 U.S. at 97.

[15] 429 U.S. at 105-106.

***omissions sufficiently harmful to evidence deliberate indifference to serious medical needs***."[16]  In applying these principles, the Court concluded that the district court properly dismissed plaintiff's claims against the medical director and chief medical officer under FED.R.CIV.P. 12(b)(6).[17]

The Fifth Circuit had not considered whether the allegations against the remaining defendants stated a cause of action.  Therefore, the Court "remanded the case to the Court of Appeals to allow it an opportunity to consider, in conformity with [the Supreme Court's] opinion, whether a cause of action has been stated against the other prison officials."[18]  On remand, the Fifth Circuit affirmed the district court's dismissal of the claims against the remaining defendants.[19]  The court recognized that plaintiff "has failed to meet the rigorous guidelines" needed to state an Eighth Amendment claim under § 1983.[20]

Here plaintiff has not alleged "acts or omissions sufficiently harmful to evidence ***deliberate indifference*** to ***serious medical needs***" as required to state a cognizable § 1983 claim under the Eighth Amendment.  Plaintiff only alleges that "defendants ***negligently*** failed to properly provide necessary

---

[16] *Id.* at 106 (Emphasis added).

[17] *Id.* at 107-108.  In reaching this result the Court applied the "less stringent standards" used to evaluate *pro se* complaints.  *Id.* at 106.

[18] *Id* at 108.

[19] *Gamble v. Estelle*, 554 F.2d 653 (5th Cir. 1977), *cert. denied*, 434 U.S. 974 (1977).

[20] 554 F.2d at 654.

6

treatment while plaintiff was in their custody."[21]  Plaintiff's conclusory allegation that defendants were "reckless and callously indifferent,"[22] is insufficient to state a claim under § 1983.[23]

As a matter of law, the factual allegations in plaintiff's complaint are insufficient under *Estelle* to state a claim under § 1983.  It is for this reason the defendants cited *Estelle* in their motion to dismiss as supportive of their position.[24]

---

[21] COMPLAINT ¶ 5.

[22] *Id*. at ¶ 15.

[23] *Hall v. Bellmon,* 935 F.2d. 1106, 1110 (10th Cir. 1991)("[I]n analyzing the sufficiency of the plaintiff's complaint, ***the court need accept as true only the plaintiff's well-pleaded factual contentions, not is conclusory allegations.***")(Emphasis added).

The *Hall* Court continued:

> A valid claim for loss of prisoner's property in violation of the Due Process Clause of the Fourteenth Amendment must include allegations of deliberate conduct by state actors. *See Daniels v. Williams,* 474 U.S. 327, 333-34, 106 S.Ct. 662, 666-67, 88 L.Ed.2d 662 (1986); *Archuleta v. McShan,* 897 F.2d 495, 497-99 (10th Cir.1990). Although plaintiff need not allege every element of his action in specific detail, *Conley,* 355 U.S. at 47, 78 S.Ct. at 102-03, he cannot rely on conclusory allegations, *Dunn,* 880 F.2d at 1197; *Sooner Products,* 708 F.2d at 512; *Clulow,* 700 F.2d at 1303; *Wise,* 666 F.2d at 1333; *Lorraine,* 444 F.2d at 2. ***Plaintiff's mere words "with malous [sic] and forthougth [sic]" are insufficient without any facts to support the conclusion.***

935 F.2d at 1113-1114 (Emphasis added).

[24] DEFENDANT'S MOTION TO DISMISS, p. 7 n. 13

*DeShaney v. Winnebago County Dept. of Social Services*[25] likewise does not support plaintiff's § 1983 claim. In *DeShaney* the court was faced with the issue of whether a § 1983 claim is actionable against a county department of social services and various individual employees for failing to protect Joshua DeShaney from injury. Plaintiffs alleged that the county "deprived Joshua of his liberty without due process of law, in violation of his rights under the Fourteenth Amendment, by failing to intervene to protect him against a risk of violence at his father's hands of which they knew or should have known."[26] The Court concluded that plaintiff failed to state a claim under § 1983.

Initially, the Court recognized that:

> The [Due Process] Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.[27]

The Court ultimately recognized that DeShaney's claim represented nothing more than a tort claim which is not actionable under § 1983:

> ***It may well be that, by voluntarily undertaking to protect Joshua against a danger it concededly played no part in creating, the State acquired a duty under state tort law to provide him with adequate protection against that danger.*** See Restatement (Second) of Torts § 323 (1965) (one who undertakes

---

[25] 489 U.S. 189 (1989).

[26] *Id.* at 193.

[27] *Id.* at 195.

8

> to render services to another may in some circumstances be held liable for doing so in a negligent fashion); see generally W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on the Law of Torts § 56 (5th ed. 1984) (discussing "special relationships" which may give rise to affirmative duties to act under the common law of tort). But ***the claim here is based on the Due Process Clause of the Fourteenth Amendment, which, as we have said many times, does not transform every tort committed by a state actor into a constitutional violation.*** See *Daniels v. Williams,* 474 U.S., at 335-336, 106 S.Ct., at 667; *Parratt v. Taylor,* 451 U.S., at 544, 101 S.Ct., at 1917; *Martinez v. California,* 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481 (1980); *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 26, 61 L.Ed.2d 433 (1979); *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). A State may, through its courts and legislatures, impose such affirmative duties of care and protection upon its agents as it wishes. But ***not "all common-law duties owed by government actors were . . . constitutionalized by the Fourteenth Amendment."*** *Daniels v. Williams, supra,* 474 U.S., at 335, 106 S.Ct., at 667.[28]

The *DeShaney* Court, citing the same cases defendants cited in their motion to dismiss, reaffirmed the principles defendants relied upon in their motion. To the extent *DeShaney* is applicable, it further supports defendants' position.

Plaintiff's complaint pleads nothing more than a simple negligence action against defendants. The Supreme Court repeatedly has held that § 1983 is not intended to provide a remedy for negligence claims more appropriately redressable under state law. Therefore, plaintiff's § 1983 claim must be dismissed.

---

[28] *Id.* at 201-202 (Emphasis added).

2.

Because plaintiff's claim is "barred by clearly established law," defendants submit that it would be appropriate to award them attorney fees under § 1988[29] and FED.R.CIV.P 11.  Defendants submit that no "objective" reading of *Estelle*, *DeShaney,* or any of the other relevant Supreme Court opinions cited in *DeShaney* and by defendants,[30] could lead a reasonable attorney to believe he stated a claim under § 1983.  *Estelle* and *DeShaney* simply reinforce defendants' position that plaintiff's § 1983 claim should be dismissed.

WHEREFORE, defendants request that plaintiff's third claim for relief be dismissed; and that defendants be awarded attorney fees under 42 U.S.C. § 1988 and/or FED. R. CIV. P. 11, as to be determined by the court; and for such further relief the court deems just in the premises.

---

[29] 2 SCHARTZ & KIRKLIN, SECTION 1983 LITIGATION, STATUTORY ATTORNEY'S FEES § 10.2, n. 19 (3d Ed. 1997); *Crabtree v. Muchmore*, 904 F.2d 1475, 1477 (10th Cir. 1990); *Shaw v. Neece,* 727 F.2d 947, 949-950 (10th Cir. 1984).

[30] *Daniels v. Williams,* 474 U.S. 327 (1986); *Parratt v. Taylor,* 451 U.S. 527 (1981); *Baker v. McCollan,* 443 U.S. 137 (1979); *Paul v. Davis,* 424 U.S. 693 (1976).

Dated this 8th day of May 2006, in Denver, Colorado.

Respectfully submitted,

*s/ Anthony Melonakis*

_____
Anthony Melonakis
LAW FIRM OF ANTHONY MELONAKIS
1660 Wynkoop, Suite 800
Denver, CO  80202
(303) 730-0210
Fax:  (866) 552-3233
a_melonakis@hotmail.com

Attorney for defendants

## CERTIFICATE OF SERVICE (CM/ECF)

The undersigned hereby certifies that on this 8th day of May, 2006 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mal addresses:

Philip R. Cockerille (prcpclaw@qwest.net)

*s/ Anthony Melonakis*

_____

11