**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   06-CV-00709-EWN-PAC

MANUEL SANTISTEVAN

        Plaintiff(s),

v.

WILLIAM SALLEE and
FRED WEGENER, Sheriff of Park County, Colorado

        Defendant(s).

**SCHEDULING ORDER**

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The conference was held on May 5, 2006 by Philip R. Cockerille, 2058 Gaylord St., Denver, CO  80205, 303-321-6413, attorney for Plaintiff, and Anthony Melonakis, 1660 Wynkoop St. Ste. 800, Denver, CO  80202, 303-730-0210, attorney for Defendants.

**2.  STATEMENT OF CLAIMS AND DEFENSES**

    *a.*    *Plaintiff:*  Plaintiff states 3 claims:  Defendants' negligent operation of a motor vehicle resulting in injury to Plaintiff; negligence per se; and 42 USC section 1983 liability for denial of constitutional rights for reckless and callously indifferent failure to properly care for

Plaintiff while in Defendants' custody or control including the manner of transportation and the denial of treatment thereafter.

   *b.*  *Defendant(s):* Defendants admit that Deputy Sallee, while operating a motor vehicle in the course and scope of his employment with the Park County Sheriff's Office, struck the rear of another vehicle near Colorado 285 and Foxton Road. Defendants deny that Deputy Sallee was negligent or that they violated plaintiff's constitutional rights. Defendants further deny the nature and extent of plaintiff's injuries and damages.

Defendant's assert the affirmative defenses of failure to state a claim, sudden emergency, failure to mitigate damages, that plaintiff's claims are barred and/or limited by Colorado Governmental Immunity, acts of a third person, pre-existing injuries, collateral source, qualified immunity, and Prisoner Litigation Reform Act.

### 3. UNDISPUTED FACTS

The following facts are undisputed:

1. A motor vehicle being operated by Deputy. Sallee struck the rear of another vehicle on April 7, 2005 near Colorado 285 and Foxton Road in Jefferson County, Colorado.

2. At the time of the accident, Deputy Sallee was acting within the scope and course of his employment with the Park County Sheriff's Office.

3. Plaintiff was a passenger in the vehicle being operated by Deputy Sallee.

### 4. COMPUTATION OF DAMAGES

Plaintiff's damages are not complete at this time. His treatment was delayed due to reasons stated in the complaint. His complaint had to be filed before treatment was complete due to Colorado's one year statute of limitations on sheriff liability. Plaintiff continues to incur bills with Garry Warner, D.C. and Richard Delo, DDS. His damages are his medical bills, permanent impairment which is not yet evaluated, and noneconomic damages for related pain, suffering, and loss of enjoyment of life.

### 5. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of rule 26(f) meeting: May 5, 2006.

b. Names of each participant and party he/she represented: Philip R. Cockerille, 2058 Gaylord St., Denver, CO 80205, 303-321-6413, attorney for Plaintiff, and Anthony Melonakis, 1660 Wynkoop St. Ste. 800, Denver, CO 80202, 303-730-0210, attorney for Defendants.

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): none.

d. Statement as to when rule 26(a)(1) disclosures were made or will be made: by May 19, 2006.

e. Statement concerning any agreements to conduct informal discovery, including

joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all *pro se* parties: no agreement at this time.

## 6. CONSENT

*[Pursuant to D.C.COLO.LCivR 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. §636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment. Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C. § 636(a) and (b) will hold the scheduling conference and retain settlement jurisdiction, whereas pretrial case management, jurisdiction of dispositive motions, and trial will be assigned to the magistrate judge drawn at random under D.C.COLO.LCivR 72.2.]*

As of this date, all parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 7. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: June 30, 2006.

*[Set time period within which to join other parties and to amend all pleadings. This portion of the scheduling order relates to timing only. It does not eliminate the*

*necessity to file an appropriate motion and to otherwise comply with Fed. R. Civ. P. 15. Unless otherwise ordered in a particular case, for good cause, these dates should be no later than 45 days after the date of the scheduling conference, so as to minimize the possibility that late amendments and joinder of parties will precipitate requests for extensions of discovery cutoff, final pretrial conference, and dispositive motion dates. Counsel and* pro se *parties should plan discovery so that discovery designed to identify additional parties or claims is completed before these deadlines.]*

        b.        Discovery Cut-off: December 1, 2006.

        c.        Dispositive Motion Deadline: December 14, 2006.

        d.        Expert Witness Disclosure

              *(1)*    (A) Plaintiff:

                    Plaintiff anticipates calling healthcare and medical experts.

                    (B) Defendants:

                    Defendants anticipate calling experts in medical and healthcare experts, accident reconstruction.

              *(2)*    *State any limitations proposed on the use or number of expert witnesses:* None.

              *(3)*    *The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on*

*or before* October 1, 2006.

*(4)     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before* November 1, 2006.

*(5)     Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.*

e.     Deposition Schedule:

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
| --- | --- | --- | --- |
| Manuel Santistevan | TBD | TBD | 6 hours |
| William Sallee | TBD | TBD | 4 hours |
| Fred Wegener | TBD | TBD | 4 hours |
|  |  |  |  |

*[List the names of persons to be deposed and a schedule of any depositions to be taken, including (i) a good faith estimate of the time needed for the deposition and (ii) time(s) and date(s)for the deposition which have been agreed to by the deponent and*

*persons signing the scheduling order.]*

      f.     Interrogatory Schedule:  Each side may propound up to 25 interrogatories no later than November 1, 2006.

      g.     Schedule for Request for Production of Documents:  Each side may make 20 requests for production of documents no later than November 1, 2006.

      h.     Discovery Limitations:

          (1)    Any limits which any party wishes to propose on the number of depositions:  Each side may depose up to six persons, exclusive of experts.

          (2)    Any limits which any party wishes to propose on the length of depositions:  No deposition, except that of plaintiff, shall last longer than 4 hours.

          (3)    Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules:  see above.

          (4)    Limitations which any party proposes on number of requests for production of documents and/or requests for admissions:  see above.

*[At the rule 26(f) meeting, the parties should make a good-faith attempt to agree to limit the number of depositions, interrogatories, requests for admissions, and requests for production.  In the majority of cases, the parties should anticipate that discovery, will be limited as specified in Fed. R. Civ. P. 30(a)(2)(A), 33.]*

(5)    Other Planning or Discovery Orders:  None.

## 8. SETTLEMENT

The parties certify that they have begun discussing settlement and will report the results of alternate dispute resolution within ten days of any such meeting.

## 9. OTHER SCHEDULING ISSUES

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement:  None.

b. Anticipated length of trial and whether trial is to the court or jury:  three day jury trial.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. A settlement conference will be held on_____ at _____ o'clock __.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( ) *Pro se* parties and attorneys only need be present.

( ) *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into

settlement must also be present.)

( )  Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues in the case and the party's settlement position.

b.  Status conferences will be held in this case at the following dates and times:

_____

_____

_____

c.  A final pretrial conference will be held in this case on _____ at \_\_\_\_\_ o'clock \_\_.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 11. OTHER MATTERS

[*The following paragraph shall be included in the scheduling order:*]

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the

magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 12.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____ 200\_\_.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

| | |
|---|---|
| Philip R. Cockerille | Anthony Melonakis |
| 2058 Gaylord St. | 1660 Wynkoop St. Suite 800 |
| Denver, CO  80205 | Denver, CO  80202 |
| 303-321-6413 | 303-730-0210 |
| Attorney for Plaintiff | Attorney for Defendants |