IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00709-EWN-PAC

MANUEL SANTISTEVAN

       Plaintiff(s),

v.

WILLIAM SALLEE and
FRED WEGENER, Sheriff of Park County, Colorado

       Defendant(s).

**SCHEDULING ORDER**

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The scheduling conference was held on May 22, 2006.  Philip R. Cockerille, 2058 Gaylord St., Denver, CO  80205, 303-321-6413, attorney for Plaintiff, and Anthony Melonakis, 1660 Wynkoop St. Ste. 800, Denver, CO  80202, 303-730-0210, attorney for Defendants, were present.

**2.  STATEMENT OF CLAIMS AND DEFENSES**

*a.*    *Plaintiff:*  Plaintiff states 3 claims: Defendants' negligent operation of a motor vehicle resulting in injury to Plaintiff; negligence per se; and 42 USC section 1983 liability for denial of constitutional rights for reckless and callously indifferent failure to properly care for Plaintiff while in Defendants' custody or control including the manner of transportation and the denial of treatment thereafter.

*b.*     *Defendant(s):* Defendants admit that Deputy Sallee, while operating a motor vehicle in the course and scope of his employment with the Park County Sheriff's Office, struck the rear of another vehicle near Colorado 285 and Foxton Road. Defendants deny that Deputy Sallee was negligent or that they violated plaintiff's constitutional rights. Defendants further deny the nature and extent of plaintiff's injuries and damages.

Defendant's assert the affirmative defenses of failure to state a claim, sudden emergency, failure to mitigate damages, that plaintiff's claims are barred and/or limited by Colorado Governmental Immunity, acts of a third person, pre-existing injuries, collateral source, qualified immunity, and Prisoner Litigation Reform Act.

## 3. UNDISPUTED FACTS

The following facts are undisputed:

1.     A motor vehicle being operated by Deputy. Sallee struck the rear of another vehicle on April 7, 2005 near Colorado 285 and Foxton Road in Jefferson County, Colorado.

2.     At the time of the accident, Deputy Sallee was acting within the scope and course of his employment with the Park County Sheriff's Office.

3.     Plaintiff was a passenger in the vehicle being operated by Deputy Sallee.

## 4. COMPUTATION OF DAMAGES

2

Plaintiff's damages are not complete at this time. His treatment was delayed due to reasons stated in the complaint. His complaint had to be filed before treatment was complete due to Colorado's one year statute of limitations on sheriff liability. Plaintiff continues to incur bills with Garry Warner, D.C. and Richard Delo, DDS. His damages are his medical bills, permanent impairment which is not yet evaluated, and noneconomic damages for related pain, suffering, and loss of enjoyment of life.

### 5. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of rule 26(f) meeting: May 5, 2006.

b. Names of each participant and party he/she represented: Philip R. Cockerille, 2058 Gaylord St., Denver, CO 80205, 303-321-6413, attorney for Plaintiff, and Anthony Melonakis, 1660 Wynkoop St. Ste. 800, Denver, CO 80202, 303-730-0210, attorney for Defendants.

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): none.

d. Statement as to when rule 26(a)(1) disclosures were made or will be made: by May 19, 2006.

e. Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time

3

for the interview which has been agreed to by the witness, all counsel, and all *pro se* parties: no agreement at this time.

## 6.  CONSENT

As of this date, all parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 7.  CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: June 30, 2006.

b. Discovery Cut-off: December 1, 2006.

bb. Deadline for 28 U.S.C. §636(c)consent to a magistrate judge is December 11, 2006. See D.C.Colo. L. Civ. R. 72.2

c. Dispositive Motion Deadline: December 14, 2006. **THIS DEADLINE WILL NOT BE EXTENDED. Counsel are ORDERED to follow Judge Nottingham's procedures for summary judgment motions. See Judge Nottingham's Practice Standards at 10-11 which are available on the court's website www.cod.uscourts.gov. under Judicial Officers' Procedures**.

d. Expert Witness Disclosure

*(1)* (A) Plaintiff:

Plaintiff anticipates calling healthcare and medical experts.

(B) Defendants:

4

        Defendants anticipate calling experts in medical and healthcare experts, accident reconstruction.

(2)      There is no limitation on the number of experts.

(3)      The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 1, 2006.

*(4)      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before* November 1, 2006.

*(5)      Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.*

*(6)      **This Scheduling Order requires rule 26(a)(2)(B) reports from <u>any</u> person who will provide expert testimony — including, for example, a treating physician — except that a treating physician's report need not contain a recitation of compensation paid to the physician or a list of other cases in which the physician has given testimony. See Fed. R. Civ. P. 26(a)(2) advisory committee's note ("requirement of written report may be . . . imposed upon additional persons who will provide opinions under [r]ule 702".)***

5

    e. Deposition Schedule: **A deposition schedule with dates is to be filed as a supplement to this order no later than August 15, 2006.**

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
| --- | --- | --- | --- |
| Manuel Santistevan | TBD | TBD | 6 hours |
| William Sallee | TBD | TBD | 4 hours |
| Fred Wegener | TBD | TBD | 4 hours |
|  |  |  |  |

    f. Interrogatory Schedule:  Each side may propound up to 25 interrogatories no later than November 1, 2006.

    g. Schedule for Request for Production of Documents:  Each side may make 20 requests for production of documents no later than November 1, 2006.

    h. Discovery Limitations:

    (1) Any limits which any party wishes to propose on the number of depositions:  Each side may depose up to six persons, exclusive of experts.

    (2) Any limits which any party wishes to propose on the length of depositions:  No deposition, except that of plaintiff, shall last longer than 4 hours.

    (3) Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules:  see above.

    (4) Limitations which any party proposes on number of requests for production of documents and/or requests for admissions:  see above.

6

(5)     Other Planning or Discovery Orders:  None.

## 8. SETTLEMENT

The parties certify that they have begun discussing settlement and will report the results of alternate dispute resolution within ten days of any such meeting.

## 9. OTHER SCHEDULING ISSUES

a.     A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement:  None.

b.     Anticipated length of trial and whether trial is to the court or jury:  three day jury trial.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.     A settlement conference will be held on July 20, 2006 from 8:00 to 10:00 a.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

Plaintiff shall make a written demand on defendants by **June 20, 2006.**

( )     *Pro se* parties and attorneys only need be present.

(X)     Parties, attorneys, and client representatives with full authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence

7

of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( x )  Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before July 13, 2006 outlining the facts and issues in the case and the party's settlement position.

b.  Status conferences will be held in this case at the following dates and times:

_____

_____

c.  A preliminary pretrial conference will be held in this case on August 31, 2006 at 8:30 a.m. in Courtroom A-501.  A proposed preliminary pretrial order which may be found on the court's website under magistrate judges forms shall be prepared by the parties and submitted to the court no later than five days before the preliminary pretrial conference.

## 11. OTHER MATTERS

[*The following paragraph shall be included in the scheduling order:*]

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

8

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 12.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 22nd day of May  2006.

BY THE COURT:

s/Patricia A. Coan

Patricia A. Coan

United States Magistrate Judge

APPROVED:

s/Philip R. Cockerille                              S/Anthony Melonakis

9

| | |
|---|---|
| Philip R. Cockerille | Anthony Melonakis |
| 2058 Gaylord St. | 1660 Wynkoop St. Suite 800 |
| Denver, CO  80205 | Denver, CO  80202 |
| 303-321-6413 | 303-730-0210 |
| Attorney for Plaintiff | Attorney for Defendants |

10