IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06-CV-00709-EWN-PAC

MANUEL SANTISTEVAN

      Plaintiff,

v.

WILLIAM SALLEE and
FRED WEGENER Sheriff of Park County, Colorado

      Defendants.

---

**PRELIMINARY PRETRIAL ORDER**

---

      1.    DATE OF CONFERENCE

The date of the attorney's conference to discuss this order was August 9, 2006. The preliminary pretrial conference is set for August 31, 2006 at 8:30 a.m. before the Hon. Patricia Coan, however the parties request that the conference hearing be waived.

      2.    JURISDICTION

28 U.S.C. § 1331 (Federal Question). Plaintiff asserts a civil rights claim under 42 U.S.C. § 1983.

A motion to dismiss plaintiff's civil rights claim is pending. If the court dismisses that claim, the only claims remaining would be pendent state claims that would be subject to remand to state court.

3. CLAIMS AND DEFENSES

*a.* *Plaintiff:* Plaintiff states 3 claims: Defendants' negligent operation of a motor vehicle resulting in injury to Plaintiff; negligence per se; and 42 USC section 1983 liability for denial of constitutional rights for reckless and callously indifferent failure to properly care for Plaintiff while in Defendants' custody or control including the manner of transportation and the denial of treatment thereafter.

*b.* *Defendant(s):* Defendants admit that Deputy Sallee, while operating a motor vehicle in the course and scope of his employment with the Park County Sheriff's Office, struck the rear of another vehicle near Colorado 285 and Foxton Road. Defendants deny that Deputy Sallee was negligent or that they violated plaintiff's constitutional rights. Defendants further deny the nature and extent of plaintiff's injuries and damages.

Defendant's assert the affirmative defenses of failure to state a claim, sudden emergency, failure to mitigate damages, that plaintiff's claims are barred and/or limited by Colorado Governmental Immunity, acts of a third person, pre-existing injuries, collateral source, qualified immunity, and the Prisoner Litigation Reform Act.

4. PENDING MOTIONS

Defendants' motion to dismiss plaintiff's third claim for relief (under 42 U.S.C. § 1983).

### 5. WITNESSES

1. List all persons who may be called as witnesses by each party, together with the address and telephone number of each witness, if that information has not already been supplied under Fed. R. Civ. P. 26(a)(1).

   Please see the parties' 26(a)(1) disclosure statements.

2. The names, addresses, and telephone numbers of any additional non-expert witnesses must be disclosed in writing to opposing counsel within ten (10) days of the date on which they become known or, in the exercise of due diligence, should have become known. *See* Fed. R. Civ. P. 26(a)(3). Failure to disclose a witness under the terms of this paragraph precludes listing the witness in the Final Pretrial Order, unless the party can show good cause for the omission.

3. **Disclosure of Expert Testimony**

   Any party with the burden of proof on an issue shall serve all other parties with a report which shall identify any person whom that party expects to call as an expert witness at trial under Fed. R. Evid. 702 on or before October 1, 2006.[1] Except as otherwise stated in this paragraph, the report shall contain all the information specified in Fed. R. Civ. P. 26(a)(2)(B). Any other party wishing to call a rebuttal expert shall serve all other parties with a report which shall identify such expert and which, except as otherwise stated in this paragraph, shall contain all the information specified in Fed. R. Civ. P. 26(a)(2)(B) on or before November 1, 2006. This Preliminary Pretrial Order requires rule 26(a)(2)(B) reports from *any* person who will provide expert testimony — including, for example, a treating physician — except that a treating physician's report need not contain a recitation of compensation paid to the physician or a list of other cases in which the physician has given testimony. *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note ("requirement of written report may be . . . imposed upon additional persons who will provide opinions under [r]ule 702").

---

[1] The timing of expert witness designations has been established by the court in the Scheduling Order

### 6. REMAINING DISCOVERY

| Depositions: Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition | Why Deposition Not Completed Earlier and Objections to Taking Now |
|---|---|---|---|---|
| Plaintiff | Oct. 17, 2006 | 9 a.m. | 6 hr. | Collecting and reviewing medical, employment and related records |
| Def. Sallee | Oct. 18, 2006 | 1 p.m. | 4 hr. | Has recently served interrogatories and requests for documents |
|  |  |  |  |  |

[Provide the names of persons remaining to be deposed before the discovery cutoff and a schedule of remaining depositions, which schedule shall include (i) a good faith estimate of the time needed for the deposition, (ii) date(s) and time(s) for the deposition which have been agreed to by the persons signing the Preliminary Pretrial Order, and (iii) (last column) *if the deposition was one which was previously scheduled to be taken before the Preliminary Pretrial Conference*, a statement as to why the deposition has not been completed and a notation of any party's objections to completion of the deposition after the Preliminary Pretrial Conference.]

   1. Interrogatories and Requests for Documents

Plaintiff already has responded to interrogatories and requests for documents. Plaintiff has served interrogatories and requests for documents pursuant to the scheduling order.

   2. Requests for Admissions

The parties will serve requests for admissions pursuant to the scheduling order.

3.      Other Discovery Orders and Issues

None.

### 7.     SETTLEMENT

The undersigned counsel for the parties hereby certify that:

1. The following persons will participate in the settlement conference:

   Plaintiff and Counsel: Philip R. Cockerille

   For defendants:  Counsel: Anthony Melonakis

2. Counsel do intend to hold future settlement conferences prior to the close of discovery.

3. It appears from the discussion by all counsel that there is some possibility of settlement.

4. The following specific problems have created a hindrance to settlement of this case:  None.

5. The date of the next settlement conference before the magistrate judge is August 31, 2006 at 2:30 p.m.

### 8.     SPECIAL ISSUES

None.

### 9. TRIAL AND ESTIMATED TRIAL TIME

1.      Defendant demanded a jury trial.  Estimated trial time is three (3) days in Denver.

**2.** Subject to other matters on the court's docket, the trial date and a date for a trial preparation conference will be set by the court at the Final Pretrial Conference heretofore scheduled. Counsel and the parties shall schedule all proceedings in the case so that the case is ready for trial at any time after the Final Pretrial Conference. Specifically, counsel and the parties will strictly observe (a) the discovery cutoff date and (b) the dispositive motion date, so that the court will have the opportunity to consider dispositive motions in advance of the Final Pretrial Conference.

### 9. EFFECT OF PRELIMINARY PRETRIAL ORDER

The Preliminary Pretrial Order may be altered or amended upon a showing of ***good cause***.

### 10. WAIVER OF PRELIMINARY PRETRIAL CONFERENCE

If the parties unanimously agree, **and if the court approves**, they can waive the Preliminary Pretrial Conference by *timely* filing a complete Preliminary Pretrial Order. Indicate in this section whether all parties agree to waive the Preliminary Pretrial Conference. If the court approves, all parties will be notified before the Preliminary Pretrial Conference.

DATED this 18th day of August, 2006.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
Magistrate Judge

PRELIMINARY PRETRIAL ORDER TENDERED
FOR REVIEW:

Original signed by Philip R. Cockerille
Philip R. Cockerille
2058 Gaylord St.
Denver, CO 80205
303-321-6413
Attorney for Plaintiff

Original signed by Anthony Melonakis
Anthony Melonakis
1660 Wynkoop St. Suite 800
Denver, CO 80202
303-730-0210
Attorney for Defendants